STATE OF NORTH CAROLINA v. ROBERT LEE JOHNSON

No. 7110SC722

(Filed 29 December 1971)

1. Criminal Law § 34— evidence showing commission of another crime — competency to show intent

In this prosecution for illegal possession of marijuana, evidence that a confidential informant for the police had purchased marijuana from defendant two weeks prior to the date of possession alleged in the indictment was competent to show defendant's intent and knowledge, notwithstanding the evidence tends to show defendant's commission of another crime.

2. Criminal Law § 50; Narcotics § 3—police officers — opinion that substance is marijuana

The trial court did not err in permitting a police officer to state his opinion that a substance purchased by a confidential informant from defendant was marijuana after the State established the qualification of the officer to give his opinion.

3. Criminal Law § 51; Evidence § 48— ruling on qualification of expert

In the absence of a request by the appellant for a finding by the trial court as to the qualification of a witness as an expert, it is not essential that the record show a specific finding on this matter, the finding being deemed implicit in the ruling admitting or rejecting the opinion testimony of the witness.

4. Constitutional Law § 31— identity of confidential informant

In a prosecution for illegal possession of heroin, the trial court did not err in refusing to allow defense counsel to question a police officer as to the identity of a confidential informant who gave the police information that defendant had marijuana in his residence.

APPEAL by defendant from Brewer, Judge, 31 May 1971 Session of Superior Court held in WAKE County.

Defendant was charged in a bill of indictment with illegal possession of marijuana.

State's evidence tended to show the following. On 12 July 1970, based upon information supplied by an informer, a Raleigh police officer secured the issuance of a warrant to search defendant's residence for marijuana. As a consequence of the search, executed in defendant's presence on 12 July 1970, the officers found twenty grams of marijuana in a plastic bag concealed in a waste basket in the living room of defendant's residence.

Defendant's evidence tended to show the following. On 12 July 1970 defendant and his wife and children had been away from home all day. When they left, the doors to the house were left unlocked but when they returned the doors were locked. Immediately after their return home, the officers served the search warrant and conducted the search. Defendant and his wife testified that they had never had any marijuana in their house and they had never allowed anyone else to have it there. Defendant also testified that he had never sold marijuana to anyone at anytime.

The State in rebuttal offered evidence which tended to show that one of the Raleigh police officers working through a confidential informer had purchased a small bag of marijuana at defendant's house about two weeks prior to the search. It also tended to show that defendant was the person with whom the confidential informer was negotiating.

The jury returned a verdict of guilty and judgment of confinement for a period of not less than three nor more than five years was entered. Defendant appealed.

*Attorney General Morgan, by Special Counsel Moody, for the State.*

*Russell W. DeMent, Jr., for defendant.*

BROCK, Judge.

[1] Defendant assigns as error that the State was allowed to offer evidence of the transaction between defendant and the confidential informer two weeks before the search in question. He argues that this violates the rule against allowing evidence of one crime to prove the commission of another. He cites *State*

State v. Johnson

*v. McClain,* 240 N.C. 171, 81 S.E. 2d 364, in support of his argument.

The evidence complained of by defendant was properly admitted under the exceptions to the general rule as pointed out in *State v. McClain, supra.* Defendant and his wife absolutely denied knowledge of the marijuana or that they had anything to do with it. Defendant also testified that he was not suggesting that a person who lived with him had anything to do with marijuana. Defendant and his wife testified that they never locked the doors to their house and were clearly seeking to leave the impression that some unknown person came to their house and secreted the marijuana while they were away. It was competent for the State to show by the challenged evidence the defendant's intent and guilty knowledge as well as his motives. See *State v. Colson,* 222 N.C. 28, 21 S.E. 2d 808; *State v. Hardy,* 209 N.C. 83, 182 S.E. 831. This assignment of error is overruled.

[2]  Defendant assigns as error that Detective Watson was allowed to state that in his opinion the substance purchased by the confidential informant was marijuana. The trial judge sustained defendant's objection until the State established appropriate qualifications of the witness to give his opinion. This assignment of error is without merit. Detective Watson testified that he had studied the identification of various drugs, including marijuana; that he was familiar with the plant in its growing form; that in his work he had been observing marijuana for the last five or six years; that he was familiar with its appearance and its odor; and that during the last two or three years he had been engaged in work with marijuana on a weekly basis. Based upon this familiarity with, experience with, and knowledge of marijuana, the trial judge allowed Detective Watson to express his opinion that the substance purchased by the confidential informant was marijuana. The trial judge did not commit error in this respect.

"The competency of a witness to testify as an expert in the particular matter at issue is addressed primarily to the discretion of the trial court, and its determination is ordinarily conclusive unless there is no evidence to support the finding or unless there is an abuse of discretion." 3 Strong, N.C. Index 2d, Evidence, § 48, p. 677.

[3]   The trial judge in this case did not make an express finding that Detective Watson was an expert, but defendant did not state that his objection to the testimony was on the grounds that the witness was not an expert. In the absence of a request for a finding by the trial judge as to the qualification of the witness as an expert, it is not essential that the record show a specific finding. In the absence of such request, the finding by the trial judge is implicit in his ruling upon the admissibility of the evidence. *State v. Perry*, 275 N.C. 565, 169 S.E. 2d 839.

[4]   Defendant next assigns as error that the trial judge refused to allow defense counsel to question the police officer concerning the identity of the confidential informant.

" . . . A defendant is not necessarily entitled to elicit the name of an informer from the State's witnesses. (citation) The Government's privilege against disclosure of an informant's identity is based on the public policy of 'the furtherance and protection of the public interest in effective law enforcement'. (citation) However, the privilege must give way 'where the disclosure of the informer's identity, or of the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to fair determination of a cause. . . . ' (citation)" *State v. Moore*, 275 N.C. 141, 166 S.E. 2d 53.

Defendant relies upon *Roviaro v. U.S.*, 353 U.S. 53, 1 L.Ed. 2d 639, 77 S.Ct. 623 (1957). In *Roviaro* the confidential informer had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether accused knowingly transported the drugs as charged. In the instant case the activities of the confidential informer were only collaterally connected with the offense for which defendant was on trial. There is no showing that the identity of the confidential informer would be relevant or helpful to defendant's defense against the charge upon which he was being tried. The only evidence concerning the informer was the testimony of Detective Watson relating what he (the officer) observed.

No error.

Judges BRITT and VAUGHN concur.