STATE OF NORTH CAROLINA v. WILLIAM LOGAN

No. 7426SC353

(Filed 5 June 1974)

1. Criminal Law § 15; Jury § 2— newspaper articles — change of venue — special venire — continuance

In a prosecution for distribution of heroin and marijuana, the trial court did not err in the denial of defendant's motions for removal to another county, a special venire and a continuance based on a series of articles which appeared in local newspapers.

2. Criminal Law § 86— cross-examination of defendant — specific criminal acts

The solicitor was properly allowed to ask defendant whether he had committed specified criminal acts for which defendant was under indictment at the time of the trial.

3. Criminal Law § 34— prior drug transactions — admissibility

In a prosecution for distribution of heroin and marijuana, an officer was properly allowed to testify about prior drug transactions he had had with defendant for the purpose of showing intent, motive and guilty knowledge, notwithstanding defendant on cross-examination had denied participating in those transactions.

APPEAL by defendant from *Ervin, Judge,* 3 December 1973 Session of Superior Court held in MECKLENBURG County.

Defendant was charged in two bills of indictment with feloniously distributing heroin and marijuana.

The State's evidence tended to show that on 6 June 1973, defendant sold a quantity of heroin and marijuana to Larry R. Snyder, an undercover agent employed by the Charlotte Police Department.

Defendant denied selling the drugs and denied seeing Snyder on the occasions the sales were alleged to have been made.

Upon a verdict of guilty, defendant was sentenced to a prison term of five years on each count.

Defendant appealed.

*Attorney General Robert Morgan by Parks H. Icenhour, Assistant Attorney General, for the State.*

*Olive, Howard, Downer, Williams & Price by Paul J. Williams for defendant appellant.*

VAUGHN, Judge.

[1] We find no merit in defendant's contentions that a series of articles which appeared in local newspapers were so prejudicial that they undermined the possibility of a fair trial in Mecklenburg County and that the court thus erred in denying defendant's motions for removal to another county, a special venire and a continuance. The court did not abuse its discretion in denying the motions. In a related challenge, defendant asserts that the court should have declared a mistrial after the appearance of several newspaper articles about defendant's trial. These assignments of error are overruled.

[2] Defendant next asserts that the Solicitor was improperly allowed to ask defendant whether he had previously committed certain other criminal offenses. At the time of the trial, defendant was under indictment for some of those offenses. The Solicitor did not ask whether defendant had been indicted for any of these offenses but whether he committed the acts. It was proper for the Solicitor to attack defendant's credibility in this manner. Although a defendant may not be asked whether he was indicted for a given act, he may, for purposes of impeachment, be asked if he has committed specific criminal acts. *State v. Gainey,* 280 N.C. 366, 185 S.E. 2d 874.

[3] Defendant further contends that Officer Snyder should not have been permitted to testify about prior drug transactions he had with defendant which were unrelated to the present case. On cross-examination, defendant had denied participating in those transactions. Defendant argues that when a defendant is asked whether he has committed a criminal offense, his answer is conclusive and may not be contradicted by other evidence. We hold that the evidence was properly admitted to show intent, motive and guilty knowledge. *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364; *State v. Johnson,* 13 N.C. App. 323, 185 S.E. 2d 423, *cert. granted,* 280 N.C. 724, *appeal dismissed,* 281 N.C. 761.

We have carefully considered defendant's other assignments of error including those relating to the court's modification of a limiting instruction during trial and its refusal to grant a mistrial after the jury was polled. We find no prejudicial error.

No error.

Judges CAMPBELL and MORRIS concur.