STATE OF NORTH CAROLINA v. JAMES MICHAEL KETCHIE

No. 7421SC409

(Filed 7 August 1974)

1. Constitutional Law § 31— identity of confidential informant

    In a trial for possession of narcotics, the State was not required to reveal the identity of an informant who gave an officer information leading to a warrantless search of defendant's vehicle for narcotics.

2. Searches and Seizures § 1— warrantless search — information from confidential informant — probable cause

    An officer had probable cause to search defendant's vehicle for marijuana without a warrant based on information received from a confidential informant, notwithstanding the informant gave the officer no facts or circumstances justifying his claim that the vehicle contained

marijuana, where the informant gave the officer the license number of the vehicle and detailed descriptions of the vehicle and the appearance of defendant.

APPEAL by defendant from *Thornburg, Judge,* 15 October 1973 Session of FORSYTH County Superior Court.

The defendant was charged in two bills of indictment with the felonies of possession of marijuana with intent to distribute and with possession of methylenedioxy amphetamine (MDA), a Schedule I controlled substance. The cases were consolidated for trial, and pleas of not guilty were entered as to each count. The defendant was found guilty of possession of MDA and was found guilty of simple possession of marijuana. The defendant was sentenced to two years as a youthful offender and gave notice of appeal.

Officer M. M. Choate, a member of the Winston-Salem Police Department, testified that on 16 May 1973, he was at Forsyth Tech. He received a telephone call from a reliable informant who informed Officer Choate that marijuana was en route from High Point to Fairchild Industries. He was further informed that the drug would arrive at approximately 7:30 p.m. The drug would be transported in a 1968 Oldsmobile, white over blue convertible, license ADE 269, and that the vehicle would be driven by a white male, approximately twenty-one years of age, who would have long brown hair and a mustache. Officer Choate immediately contacted two other officers and had them meet him at North Liberty Street and Fairchild Drive where a surveillance was set up. Approximately five minutes after the surveillance was started, the white over blue Oldsmobile approached. It was being driven by the defendant, a white male with long brown hair. Officer Choate stopped the vehicle and informed the defendant that he had information that the vehicle was being used to transport marijuana. Two thousand two hundred and forty-six grams of marijuana were found in the car along with several plastic bags containing MDA.

Officer Choate further testified that he had known his informant slightly over a month. He testified that he had had discussions with the informer on numerous occasions and had been furnished reliable information before. No facts were given to Officer Choate by the informer to show how he knew about the presence of the drugs in question. Officer Choate testified that his informer had always been reliable as far as Officer

Choate was concerned, and that to the best of his knowledge the informer had never been convicted of using drugs.

The defendant offered no evidence.

*Attorney General Robert Morgan by Assistant Attorney General Ralf F. Haskell for the State.*

*White and Crumpler by Fred G. Crumpler, Jr., and Michael J. Lewis for the defendant-appellant.*

CARSON, Judge.

[1] There was no showing of probable cause for a warrantless arrest or a warrantless search apart from the informer's communication. The first question presented is whether, under these circumstances, the prosecution is still privileged to withold the identity of the informer.

Able counsel for the defendant strenuously argues that disclosure is necessary to provide the defendant with an opportunity to contest the reasonableness of the search. The general rule in this jurisdiction is that disclosure is not necessarily required, but the circumstances of each case dictate the necessity of nondisclosure or disclosure. *Roviaro v. U.S.,* 353 U.S., 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957) ; *State v. Boles,* 246 N.C. 83, 97 S.E. 2d 476 (1957). The general benefit to society must be weighed against the possibility of depriving the individual of a substantive defense or a constitutional right. *Roviaro v. U. S., supra; State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53 (1969). The circumstances of this case are very similar to those in the case of *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed. 2d 62 (1967), decided by the United States Supreme Court in a five to four decision. That case held that disclosure was not required under the circumstances as outlined. Under the particular circumstances of this case, disclosure was not necessary for the defense. *State v. Fletcher,* 279 N.C. 85, 181 S.E. 2d 405 (1971) ; *State v. Johnson,* 13 N.C. App. 323, 185 S.E. 2d 423 (1971).

[2] The other question raised by this appeal is whether the trial court committed error in holding that the officer had probable cause to search the vehicle of the defendant when the officer gave no facts or circumstances from his informer justifying his claim that the contraband items were in the vehicle. The defendant relies on the case of *Spinelli v. U. S.,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637 (1969), which held that some under-

---

lying factors must be given to justify the probable cause. We feel, however, that the facts in the instant case are more similar to those in the case of *Draper v. U. S.*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed. 2d 327 (1959). In the *Draper* case, à reliable informant notified law enforcement officers that the defendant would be returning to Denver by train and that he was going to bring back three ounces of heroin. A detailed description was given including the clothing he was wearing, the type of bag he would be carrying, and the observation that he walked very fast. Draper was arrested upon his arrival at the train station. The United States Supreme Court pointed out that probable cause dealt with the factual, everyday situations which law enforcement officers must face, rather than technicalities. It further pointed out that the definite description of the defendant, in itself, was sufficient to show that the information was obtained from a reliable source. The *Spinelli* case did not overrule *Draper,* but distinguished it under the circumstances in that case. We hold that the facts of the instant case, with the very detailed description of the motor vehicle, the license number, and the appearance of the defendant, places this case in the category with *Draper* and that the contentions of the defendant must, therefore, be denied.

No error.

Judges BRITT and HEDRICK concur.