STATE OF NORTH CAROLINA v. WILLIAM LOGAN

No. 7526SC543

(Filed 3 December 1975)

**Criminal Law § 87— redirect examination — evidence unrelated to cross-
examination — admissibility**
> The trial court has discretion to admit evidence on redirect exami-
> nation unrelated to the witness's cross-examination which, through
> oversight, has not been elicited on direct examination.

APPEAL by defendant from *Falls, Judge.* Judgment entered 8 April 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 October 1975.

Defendant was indicted and tried for distribution of heroin. The State's evidence tended to show that Larry Reid Snyder, a Charlotte policeman, went to defendant's home on 11 June 1973 and asked defendant if he "had gotten any of the good junk in that he had told me about several days prior." Defendant

State v. Logan

"told him that he did not have any new junk in but that he had some of the old junk in." Snyder purchased two tinfoil containers from defendant and paid him $24.00.

On cross-examination Snyder testified that he had first talked to defendant on 31 May 1973. On redirect examination Snyder testified that on 6 June 1973 he "purchased two tinfoil containers and one bag of vegetable material" from defendant and that "[a]t this time the defendant told me that this junk was not really that good but that in a couple of days that he would get some more junk that was better. . . . "

The State also offered evidence that the two tinfoil containers of "junk" purchased by Snyder from defendant on 11 June were analyzed and found to contain heroin.

Defendant testified that he had not seen Snyder or sold any heroin to him on 11 June 1973. He denied seeing Officer Snyder on 31 May 1973.

From a verdict of guilty of unlawful distribution of a controlled substance, heroin, and judgment pronounced thereon, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Claudette Hardaway, for the State.*

*Olive, Downer, Williams and Price, by Paul J. Williams, for defendant appellant.*

MARTIN, Judge.

Defendant contends in his first assignment of error that the State should not have been allowed to introduce evidence on redirect examination concerning his sale of illegal drugs to Officer Snyder on 6 June 1973, because this evidence had no relation to anything brought out during his cross-examination of Officer Snyder.

The trial court has discretion to admit evidence on redirect examination unrelated to the witness's cross-examination which, through oversight, he has failed to elicit on direct examination. McCormick on Evidence, 2d ed., § 32; 1 Stansbury, N. C. Evidence, § 36 (Brandis Rev. 1973). The evidence in question was relevant and admissible to show intent, motive, and guilty knowledge. *State v. Logan*, 22 N.C. App. 55, 205 S.E. 2d 558 (1974). This assignment of error is overruled.

Defendant's remaining assignment of error is directed to a portion of the court's charge to the jury. In our opinion the charge considered as a whole was free of prejudicial error.

No error.

Judges MORRIS and PARKER concur.