STATE OF NORTH CAROLINA v. CHARLES FRANKLIN FORNEY

7826SC609

(Filed 21 November 1978)

**1. Criminal Law § 34.7— guilt of other offense—admissibility to show intent**

In a prosecution for possession with intent to sell and sale of heroin, evidence of defendant's stated desire to purchase cocaine shortly before the crimes charged was competent to show his intent, motive and guilty knowledge, and it additionally tended to show a course of dealing by the defendant with undercover agents which shed light upon their transactions concerning the crimes charged.

**2. Narcotics § 3.3— tester—opinion as to definition—admissibility**

In a prosecution for possession and sale of heroin, the trial court did not err in permitting a State's witness to give an opinion as to the meaning of the word "tester" as used by defendant since defendant objected but made no request for a finding by the trial court as to the witness's expertise, and the trial court's finding that the witness was an expert was implicit in its ruling on the admissibility of the evidence.

**3. Narcotics § 4.3— possession of heroin—actual possession by one other than defendant—control and dominion by defendant**

    In a prosecution for possession of heroin where the evidence tended to show that an unidentified black man actually had the heroin in his possession and sold it to undercover agents, the trial court did not err in denying defendant's motion to dismiss, since evidence was sufficient to permit the jury to conclude that defendant was able easily to cause the unidentified black man to appear and produce heroin for customers and that defendant exercised dominion and control over the man and the drugs he physically possessed.

**4. Criminal Law § 102.3— prosecutor's jury argument— no error**

    In a prosecution for possession and sale of heroin, the district attorney's remark in his jury argument that defendant was in the dope business was supported by the evidence; the trial court properly instructed the jury to disregard the district attorney's statement that defendant ran a heroin network; and any objections to remarks made by the prosecutor to which no objections were made at trial are not considered on appeal.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 31 January 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 24 October 1978.

The defendant was indicted for felonious sale and delivery of the controlled substance heroin and felonious possession of the controlled substance heroin with the intent to sell and deliver. Upon his pleas of not guilty to both charges, the jury returned a verdict of not guilty on the charge of felonious sale and delivery of heroin and guilty on the charge of felonious possession of heroin with intent to sell and deliver. From judgment sentencing him to imprisonment for a term of seven years, the defendant appealed.

The State's evidence tended to show that on 25 May 1976, two undercover narcotics agents employed by the State Bureau of Investigation, John Prillaman and Shirley LeFeavers, met the defendant at a grocery store and told him they wanted to buy some heroin. The defendant told the agents to go to a particular service station and he would join them shortly. The agents complied with his directions and met the defendant at the service station shortly thereafter. The defendant then told the agents that he had to leave and would be back in a few minutes. While the agents were waiting for the defendant's return, a man known as Lilly approached them and asked if they had seen the defendant. Agent LeFeavers testified that on a prior occasion she had heard the defendant say that Lilly was his "tester." She then testified that a "tester" was a person who sampled drugs for a purchaser.

State v. Forney

About fifteen minutes after the defendant left the service station, he returned in the company of a black male whose identity was unknown to the agents. The two men got out of their car and Agent Prillaman got out of his. A conversation between Prillaman and the unidentified black male as to the price of the heroin to be bought and sold ensued. The man offered to sell Prillaman "half a load" or fifteen glassine bags of heroin. Prillaman agreed and the man sat down on the sidewalk and counted out fifteen glassine bags of heroin. He handed the bags of heroin to Prillaman in exchange for the agreed upon price. The bags were chemically examined and the contents were found to contain heroin.

The defendant did not elect to present evidence at trial.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Norman M. York, Jr., for the State.*

*Steve Dolley, Jr., for defendant appellant.*

MITCHELL, Judge.

[1] The defendant first assigns as error the admission of evidence tending to show that, on the night prior to the alleged sale of heroin giving rise to the charges against the defendant, Agents Prillaman and LeFeavers had first met the defendant and been informed by him that he wished to purchase cocaine. As a general rule, evidence is not properly admitted which tends to show that the defendant has committed a criminal offense other than that for which he is being tried. *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954). "However, such evidence is competent to show 'the *quo animo,* intent, design, guilty knowledge, or scienter, or to make out the *res gestae,* or to exhibit a chain of circumstances in respect of the matter on trial, when such crimes are so connected with the offense charged as to throw light upon one or more of these questions.' *State v. Jenerett,* 281 N.C. 81, 187 S.E. 2d 735; *State v. Atkinson,* 275 N.C. 288, 167 S.E. 2d 241." *State v. Humphrey,* 283 N.C. 570, 572, 196 S.E. 2d 516, 518, *cert. denied,* 414 U.S. 1042, 38 L.Ed. 2d 334, 94 S.Ct. 546 (1973). The evidence of this defendant's stated desire to purchase cocaine shortly before the crimes charged was competent to show his intent, motive, and guilty knowledge. *State v. Logan,* 22 N.C. App. 55, 205 S.E. 2d 558, *cert. denied,* 285 N.C. 666, 207 S.E. 2d 752

(1974). It additionally tended to show a course of dealing by the defendant with the agents which shed light upon their transactions concerning the crime charged. If this evidence was in fact evidence of a prior criminal offense, it was, nonetheless, properly admitted.

[2]  The defendant next assigns as error the admission into evidence of the opinion of the State's witness as to the meaning of the word "tester" as used by the defendant. The defendant made a timely objection to the testimony but did not state the ground for his objection or request a finding by the trial court as to the witness' expertise. In the absence of a request for a finding by the trial court as to the qualifications of the witness as an expert, the record need not reflect that a specific finding on the subject was made. The trial court's finding that the witness is an expert is implicit in the ruling on the admissibility of the evidence. *State v. Johnson,* 13 N.C. App. 323, 185 S.E. 2d 423 (1971), *cert. granted,* 280 N.C. 724, 186 S.E. 2d 926, *appeal dismissed,* 281 N.C. 761, 191 S.E. 2d 364 (1972).

Findings as to the competency of a witness to testify as an expert lie within the trial court's discretion. In the absence of a showing of abuse of discretion or insufficient evidence to support the finding, the trial court's determination is conclusive. *State v. Moore,* 245 N.C. 158, 95 S.E. 2d 548 (1956). The finding of the trial court was sufficiently supported by evidence, and there was no showing of an abuse of discretion. The evidence was properly admitted.

[3]  The defendant next contends that the trial court erred in denying his motion to dismiss on the ground that there was no evidence tending to show that he had possession of the heroin. We do not agree. Possession can be shown by the exercise of dominion and control. *United States v. Jones,* 308 F. 2d 26 (2nd Cir. 1962). Dominion and control can be exercised directly or through an employee or agent whom one dominates or whose actions one can control. 28 C.J.S. Drugs and Narcotics Supplement § 205, p. 303. Such domination or control over an agent having physical custody of drugs is exercised by one who is sufficiently associated with the agent to be able to easily cause him to produce the drugs for a customer. *United States v. Baratta,* 397 F. 2d 215 (2d Cir. 1968), *cert. denied,* 393 U.S. 939, 21 L.Ed. 2d 276, 89

S.Ct. 293 (1968), *reh. denied,* 393 U.S. 1045, 21 L.Ed. 2d 597, 89 S.Ct. 613 (1969); *Cellino v. United States,* 276 F. 2d 941 (9th Cir. 1960); Annot., 42 A.L.R. 3d 1072 (1972). The evidence tended to show that the defendant was able to produce the unidentified man in physical possession of the drugs on short notice at a place of the defendant's choosing. The record further reveals that the unidentified man arrived in possession of the amount of heroin desired by the agents and with apparent prior knowledge that the agents were the individuals who wished to make the purchase. He immediately entered into negotiations concerning the price of the fifteen glassine bags of heroin and made the requested sale immediately to individuals apparently previously unknown to him. This evidence was sufficient to support a conclusion by the jury that the defendant was able to easily cause the unidentified man to appear and produce heroin for customers and exercised dominion and control over the man and the drugs he physically possessed.

[4] The defendant also assigns as error certain remarks made by the district attorney in his argument to the jury. At one point in the closing argument for the State, the defendant's objection to a statement that he was in the dope business was overruled. As sufficient evidence was introduced to show that the defendant was in possession of heroin with the intent to sell, the remark was supported by the evidence. The objection was properly overruled.

The defendant also objected to a statement by the prosecutor that the defendant ran a heroin network. The objection was sustained, and the trial court immediately instructed the jury to disregard the statement. Any error was, therefore, cured by the trial court's prompt actions.

The defendant additionally excepts in his case on appeal to other remarks made by the prosecutor to which no objection was made at trial. Objections to the arguments of the prosecutor must be made before the case goes to the jury in order to provide the trial court with an opporutnity to take appropriate corrective action. *State v. Peele,* 274 N.C. 106, 161 S.E. 2d 568 (1968), *cert. denied,* 393 U.S. 1042, 21 L.Ed. 2d 590, 89 S.Ct. 669 (1969).

Furthermore, appellate courts ordinarily do not interfere with the trial court's control of jury arguments unless the im-

propriety of remarks by counsel is extreme and clearly calculated to prejudice the jury in its deliberations. *State v. Hunt,* 37 N.C. App. 315, 246 S.E. 2d 159 (1978). We have reviewed the argument of the prosecutor in its entirety, and find that it does not warrant our intervention.

The defendant received a fair trial free from prejudicial error, and we find

No error.

Judges VAUGHN and MARTIN (Robert M.) concur.