J. Y. and W. H. BRYCE *v.* JOHN T. BUTLER.

A sues B for assisting C to remove from the State, alleging such removal to have been for the purpose of defrauding C's creditors, of whom A was one; the declaration of C, contained in a letter to A is not evidence against B, unless the complicity of B and C be established *aliunde*, and such declarations cannot be received to prove such complicity.

Because the presiding Judge, after objection, permitted the plaintiff to read the body of a letter which was unimportant and irrelevant, is no reason that he should permit the reading of the postcript which was relevant, upon the ground that when *part* of a declaration is received as evidence, the party is entitled to have the *whole* thereof go to the jury.

CIVIL ACTION tried at the Special (July) Term, 1873, of the Superior Court of MECKLENBURG county, before his Honor, *Judge Moore.*

The plaintiff, as a creditor of one Groot, brings this action, alleging that the defendant assisted Groot to remove from the county for the purpose of hindering and defrauding his creditors.

A few days before Groot left the county, he made a deed of trust or mortgage to the defendant, conveying all his household furniture, provisions, &c., worth nearly $1,000, and which afterwards sold at the sheriff's sale for $750, professedly to secure $1,000, as money advanced to Groot by defendant, and fixing therein the time of foreclosure at twelve months from the date of the deed. The property thus conveyed was left in the house in possession of Groot's wife, who remained behind after he left, which he did soon after making the deed, upon the night train going South, saying to one Glover, his clerk, that he was going to Charleston and Augusta and would return in a few days, and giving instruction at the same time about his business during his absence.

A short time after Groot left, the defendant sent to take

possession of the furniture and other property, which at first was objected to by Mrs. Groot; she, however, afterwards consented and the defendant removed it, with the exception of a bed and furniture, a set of China and some other articles.

Among other things, plaintiff insisted that the mortgage was fraudulently made to cover the property and keep off creditors and was so intended by Groot and defendant. He, the plaintiff, proved that Butler, the defendant, had said to one creditor who wished to know if there would be enough of property left to pay him a small debt, that there would not. To the plaintiff, the defendant claimed the whole amount of $1,000 was due, and also to the sheriff, who had claims in his hands against Groot. That upon an attachment afterwards sued out and levied upon the property, the defendant only claimed $285 for a watch and chain sold by him to Groot, at the date of the mortgage.

The defendant testified, that he never claimed at any time but $285, for a watch and chain and a small balance on his books. That he had told the plaintiffs and others, the mortgage was for $1,000, but he did not know what the property was worth, as he had never seen it; that he never told any one his debt was over $285; that the mortgage was taken for $1,000, with a view to future purchases, Groot being a liberal trader, &c.

Further, for the purpose of proving complicity between Groot and the defendant, the plaintiff offered in evidence a letter from Groot to him. This evidence, the defendant objected to, but his Honor allowed it to be read. Its contents being irrellevant, it is unnecessary to copy it. The postcript of the letter was pertinent, and his Honor would not permit it to be read. Plaintiff excepted.

*Guion*, with whom was *Vance*, for appellants:

Plaintiff alleged that one Groot was his debtor, and that defendant aided him to escape from the county. That a part of the plan was, that Groot should convey by way of mortgage all

his tangible property in the county for nominally a large amount and thereby save it for Groot's benefit.

Plaintiff claimed that defendant was a conspirator with Groot, and offered proof that he had claimed against the sheriff and his deputies the whole property to satisfy the whole debt mentioned in the deed, and insisted that it was a just debt. Plaintiff also proved that only a small part could be due to defendant.

Plaintiff offered to read a letter from Groot, which was objected to by defendant. This was allowed by the Court. Objection was also offered to the postscript to the letter, and the objection sustained.

The letter and postcript were offered to show a community of design between Groot and defendant. The primary question as to whether a conspiracy had been formed, was one to be passed upon by the Court, before the letter could be read. The Court did allow it, and his action is not reviewable. It is to be presumed he did pass upon the primary question. And it was error to admit the letter and exclude the postcript. It was offered as the declaration of an accomplice, and the whole or none should have been received. 1 *Starkie* on ev. 34 ; 2 *Starkie* on ev. conspiracy, 234, 235, 236 ; *State* v. *George,* 7 Ire 323 ; *State* v. *Haney,* 2 D & B., 390 ; *State* v. *Dula,* Phil., 211.

It was also insisted that the letter and postcript, were more than simple declarations, that they were a part of the plot itself, carrying out the original scheme, to defraud and deceive the plaintiff as a creditor and render him inactive. And there being proof as to the conspiracy, this was an act of one of the parties to effect the common design.

*Barringer* and *Dowd,* contra.

READE, J. In order to prove that the defendant " aided and assisted Groot to remove from the State, to defraud the creditors of said Groot," of whom plaintiff was one, the plaintiff offered in evidence the declarations of Groot, which were, as plaintiff alleged, to that effect.

Take it to be that the declarations were to that effect, plainly or in so many words, they were clearly incompentent upon very plain principles.

Admitting that plain principle, the plaintiff says he takes his case out of the general rule that heresay is not evidence, by having, by other evidence, proved a complicity between Groot and the defendant; and then, what one said was the same as if said by the other. That is a plain principle also. But it is equally plain that the declarations cannot be used to establish the complicity. And here it is expressly stated that the declarations were offered " further to prove complicity," &c.

The declarations offered were contained in a postscript to a letter from Groot to the plaintiff. The defendant objected to the letter as evidence, the case states, but his Honor permitted the plaintiff to read the body of the letter, which was unimportant, and ruled out the postscript which contained the declarations which the plaintiff desired to introduce. And then the plaintiff says, that having been permitted to read a part, that is, the body of the letter, he ought to have been permitted to read the whole, upon the principle that when a *part* of a declaration, or conversation, or transaction is given, the *whole* must be. That principle is usually applied when one party introduces a part and leaves out a part; the other party is entitled to call for the whole. But here the letter and postscript were offered by the plaintiff; and it is a perversion of the principle to say that because he got in a part which was irrelevant, that entitled him to put in the remainder which was incompetent; when, under the objection of the defendant, the whole was incompetent. Another view is presented by the plaintiff: When the fact of complicity is established by other evidence, then the declarations of one are evidence against the other. And when the complicity is established, so as to let in the declarations, is a primary question to be decided by his Honor; and his decision cannot be reviewed; and that here he must have decided the complicity to be established, else he

would not have permitted the letter to be read. This argument is fatal to the plaintiff who uses it; for the fact that he allowed the body of the letter which was immaterial to be read proves nothing, but the fact that he rejected the postscript which was important and was clearly competent if the complicity had been established, proves that his conclusion was, that the complicity was not· established. And so, if the plaintiff's position is correct, that his Honor's decision of the primary question cannot be reviewed, then, just as we could not review it if in favor of the plaintiff, as he supposes, so we cannot review it if it be against him, as we have to suppose.

There is no error.

PER CURIAM.                    Judgment affirmed.