STATE v. JANE BLACK.

*Indictment for Selling Liquor on Sunday—Spy, Testimony of—Instructions.*

1. Where, on the trial of an indictment for selling liquor on Sunday, a witness for the State testified that he went to the defendant's restaurant as a spy for the police officer and for the purpose of making a case against the defendant, it was not error to refuse an instruction that it would be unsafe to convict the defendant upon the unsupported testimony of such witness.
2. In such case, it was proper to charge the jury that, if they believed the witness was a spy, they should scrutinize his testimony and, after doing so, if they believed his testimony to be true, it made no difference as to what his motive was in going to defendant's restaurant or as to what his character was.

INDICTMENT for selling liquor on Sunday, tried before *Allen, J.*, and a jury at May Term, 1897, of GUILFORD Superior Court. The defendant was convicted and appealed.

*Mr. Zeb V. Walser, Attorney General*, for the State.
*Mr. John N. Staples*, for the defendant (appellant).

MONTGOMERY, J.: The indictment was for selling liquor on a Sunday. The defendant's counsel asked the Court to instruct the jury that it would be unsafe to convict the defendant upon the unsupported testimony of the witness

Perry, who had testified that he went to the defendant's restaurant as a spy and for the purpose of making a case against the defendant for the police officer. The Court declined to give the instruction in the form requested, but told the jury that if they believed the witness was a spy they should scrutinize his testimony and after doing so, if they were satisfied that his testimony was true it made no difference as to what was his motive in going to the house of the defendant, or what his character was.

We think there was no error in the refusal of his Honor to give the charge in the form requested by the defendant; and further that the instruction which he did give was correct, and was a sufficient caution to the jury as to the manner in which they should consider the testimony of the witness. *State* v. *Barber*, 113 N. C., 711.

No error.