STATE OF NORTH CAROLINA v. JAMES CLINTON SINK AND
LARRY LEWIS

No. 7618SC509

(Filed 15 December 1976)

**1. Witnesses § 1— mental competency of witness**

'Evidence was sufficient to support the trial court's finding that
the State's principal witness was mentally competent to testify.

**2. Criminal Law § 34— defendant's participation in separate offense —
testimony admissible**

In a prosecution for breaking and entering and larceny, the trial
court did not err in allowing the State's principal witness to testify
implicating defendant in a separate instance of breaking and enter-
ing, since such evidence was admissible to show mental intent or state
and to establish a common plan or scheme.

APPEAL by defendants from *Long, Judge*. Judgments en-
tered 21 January 1976 in Superior Court, GUILFORD County.
Heard in the Court of Appeals 8 November 1976.

By separate three-count bills of indictment, each defendant
was charged with the felonies of (1) breaking or entering the
Greensboro Moose Lodge, (2) larceny, and (3) receiving. The
cases were consolidated for trial.

The State's evidence tends to show the following: At about
9:00 p.m. defendant Larry Lewis called Allen Odell Smith and
asked if he knew a place they could break in. Smith told Lewis
they could break in the Carolina Aluminum Building on West
Market Street. Lewis drove to Smith's house, and the two of
them went to defendant James Clinton Sink's house. Smith asked
Sink if he was ready to go, and Sink said he was. Smith, defend-
ant Sink, and defendant Lewis, with Lewis driving, rode out West
Market Street to Carolina Aluminum. The three of them entered
the Carolina Aluminum Building by prying open a back door.
They looked through offices and found approximately $9.00.
After finding no other money, they left the building the way
they had entered. The three then went to defendant Lewis' house
where they waited until 1:00 or 1:30 a.m. for the Moose Lodge
to close. Smith, defendant Sink, and defendant Lewis, with
Lewis driving, rode to the premises of the Greensboro Moose
Lodge No. 685. Smith and defendant Sink left the car and
instructed defendant Lewis where to pick them up. Smith and
Sink stacked crates beside the Moose Lodge Building, and Smith

State v. Sink

climbed onto the roof leaving Sink as a lookout. Smith entered the building through a vent in the roof and took money from a box under the club counter. The burglar alarm sounded, and police were dispatched to the scene. Smith ran out the back door where he joined Sink, and the two of them ran through the woods. In the meantime police officers stopped the car driven by Lewis because it was coming from the vicinity of the Moose Lodge. The officers found no cause to arrest Lewis at that time; therefore, he was permitted to leave. Smith and Sink made their way to a gasoline service station where Smith called his wife to come pick them up. Smith's wife picked up Smith and Sink, drove Sink to his house at about 5:00 a.m., and then drove home. When Sink went into his apartment, he showed his girl friend some money and told her they had broken in the Moose Lodge. Allen Odell Smith testified for the State in these cases in compliance with a plea bargain in several criminal charges pending against him.

Defendant Larry Lewis offered no evidence. Defendant James Clinton Sink testified that he did not participate in the offense and that Allen Odell Smith was implicating him solely because Smith was angry with Sink over Sink's making love to Smith's wife. Sink accounted for his actions throughout the time involved. Sink further testified that Smith's wife and his (Sink's) girl friend lied when they gave testimony implicating him in the offense. Sink offered a witness who corroborated his alibi and testified that she heard Smith threaten to get even with Sink.

The jury found both Sink and Lewis guilty of the felonious breaking or entering and guilty of the felonious larceny. As to the verdicts against Sink, judgment of imprisonment for a period of ten years was entered on the breaking or entering conviction, and for a period of not less than eight nor more than ten years on the larceny conviction, which sentence is to commence at the expiration of the sentence imposed on the breaking or entering conviction. As to the verdicts against Lewis, judgment of imprisonment for a period of ten years was entered on the breaking or entering conviction, and for a period of not less than five nor more than ten years on the larceny conviction, which sentence is to commence at the expiration of the sentence imposed on the breaking or entering conviction.

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Neill A. Jennings for defendant James Clinton Sink.*

*Z. H. Howerton, Jr., for defendant Larry Lewis.*

BROCK, Chief Judge.

Each defendant was convicted of felonious breaking or entering and of felonious larceny. Each defendant was sentenced to a term of ten years' imprisonment on the breaking or entering count. Also each defendant was sentenced to a consecutive term of imprisonment on the larceny count. Yet in the record on appeal counsel has included only the judgment and commitment for breaking or entering with respect to defendant Sink, and only the judgment and commitment for larceny with respect to defendant Lewis. Also in the brief counsel refers only to one judgment and commitment as to each defendant.

This Court caused the additional judgment as to each defendant to be certified by the trial court. Therefore, the record in this Court now shows that each defendant was convicted and sentenced both for breaking or entering and for larceny as set out in the statement of facts above. It is the duty of counsel to present to the appellate division a correct record of the trial proceedings.

[1] Defendants argue that the trial court committed error in denying their motions to suppress the testimony of Allen Odell Smith, the State's principal witness, on the ground that Allen Odell Smith was not mentally competent to testify. A *voir dire* was conducted upon defendants' motions to suppress. The State offered the testimony of Dr. Bob Rollins, who was stipulated to be qualified to give his opinion in the area of forensic psychiatry. The defendants offered the testimony of Dr. Douglas Gold, who was permitted to testify as an expert in clinical psychology. At the conclusion of the testimony the trial judge ruled that Allen Odell Smith was competent to testify for the State. We perceive no error in this ruling. It seems clear to us from the *voir dire* testimony that Allen Odell Smith was found to be of ordinary or above ordinary intelligence. His credibility under all of the circumstances was for jury determination. This assignment of error is overruled.

[2]   Defendants argue that it was error to permit Allen Odell Smith to testify concerning breaking or entering the Carolina Aluminum Building. They argue that this testimony was evidence of their commission of an unrelated, independent offense which is forbidden by the rule laid down in *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). Defendants overlook the well established exceptions as set out in *State v. McClain, supra*, e.g.:

> "Where a specific mental intent or state is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite mental intent or state, even though the evidence discloses the commission of another offense by the accused."

*       *       *

> "Evidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission. (Citations omitted.) Evidence of other crimes receivable under this exception is ordinarily admissible under the other exceptions which sanction the use of such evidence to show criminal intent, guilty knowledge, or identity.

In our opinion defendants received a fair trial free from prejudicial error.

No error.

Judges PARKER and HEDRICK concur.