STATE OF NORTH CAROLINA v. HERBERT RICHARDSON

No. 778SC920

(Filed 16 May 1978)

1. **Criminal Law § 34.7— narcotics offenses—prior sale—competency to show intent, modus operandi**

    In a prosecution for possession of marijuana with intent to sell and sale of marijuana, testimony by the officer who purchased the marijuana from defendant that he purchased marijuana from defendant ten days before the occasion in question and defendant told him he could come back for more marijuana at any time was relevant to show the relationship between the witness and defendant, the modus operandi, and guilty knowledge.

2. **Criminal Law § 117.3— purchase of marijuana—undercover officer—no interested witness as matter of law**

    In a prosecution for possession of marijuana with intent to sell and sale of marijuana, the trial court was not required to instruct that the undercover officer who purchased marijuana from defendant was an interested witness as a

matter of law, and the court properly instructed the jury that the interested witness rule would apply if the jury determined that the officer was an interested witness.

APPEAL by defendant from *Cowper, Judge.* Judgments entered 27 July 1977, in Superior Court, WAYNE County. Heard in the Court of Appeals 7 March 1978.

Defendant pled not guilty to charges of (1) possession of marijuana with intent to sell and deliver, and (2) sale and delivery of marijuana in excess of five grams to Police Officer E. L. Burton on 27 February 1977. Defendant was found guilty as charged and appeals from judgments imposing concurrent sentence of two to three years in prison.

The State's evidence tended to show that Officer Burton, employed as an undercover agent, went to defendant's residence in Goldsboro and paid defendant $10.00 for marijuana. He was accompanied by Air Force Sergeant Glen Hockaday, who did not observe the transaction, but Burton showed the marijuana to him when they returned to Hockaday's home. The marijuana weighed five grams.

Defendant offered no evidence.

*Attorney General Edmisten by Associate Attorney Sarah Lee Fuerst for the State.*

*Hulse and Hulse by Herbert B. Hulse for defendant appellant.*

CLARK, Judge.

[1]   Officer Burton, over defendant's objection, testified that he had purchased marijuana from defendant on 17 February 1977 for $20.00, and that defendant told him he could come back for more marijuana at any time. Defendant contends that this evidence was not relevant to the alleged drug violations ten days thereafter in the case *sub judice.*

It is an established rule that evidence of other offenses at other times, even though they are of the same nature as the one charged, is inadmissible for the purpose of showing the commission of the particular crime charged. *State v. McClain,* 240 N.C.

171, 81 S.E. 2d 364 (1954). But evidence of other offenses is admissible if it tends to prove any other relevant fact even though it shows defendant to be guilty of an independent crime. *State v. Williams*, 275 N.C. 77, 165 S.E. 2d 481 (1969).

In drug cases, evidence of other drug violations is relevant and admissible if it tends to show plan or scheme, disposition to deal in illicit drugs, knowledge of the presence and character of the drug, or presence at and possession of the premises where the drugs are found. *State v. Sink*, 31 N.C. App. 726, 230 S.E. 2d 435 (1976); *State v. Barfield*, 23 N.C. App. 619, 209 S.E. 2d 809 (1974); *State v. Logan*, 22 N.C. App. 55, 205 S.E. 2d 558 (1974); Anno., 93 A.L.R. 2d 1097 (1964).

If requested by defense counsel, the trial judge should instruct the jury as to the limited purpose for which the evidence of other crimes is admitted, and warn the jury not to consider it for any other purpose. There was no such request in the case *sub judice*. We find the evidence of the prior marijuana sale to the undercover officer, including the invitation to return, relevant in that it tends to show the relationship between them, the modus operandi, and guilty knowledge.

[2] The defendant challenges the following instruction to the jury: ". . . with regard to the testimony of the witness, Burton, if you find that he is interested in this case as an interested witness in the case, I instruct you . . . ." Defendant argues that the trial judge should have instructed that Burton, an undercover officer, was an interested witness as a matter of law, relying on *State v. Love*, 229 N.C. 99, 47 S.E. 2d 712 (1948); *State v. Boynton*, 155 N.C. 456, 71 S.E. 341 (1911). We do not find support for defendant's position in these cases. In *Boynton*, the trial court rejected defendant's requested instruction that "the testimony of a detective must be scrutinized with unusual caution," and, instead, instructed that the jury should scrutinize the evidence to determine if a private detective or a public officer is a biased witness. In *Love*, the *Boynton* case is cited and quoted. For a collection of cases and discussion of the interested witness rule, see 1 Stansbury, N.C. Evidence (Brandis Ed.) § 45, p. 124, fn. 28.

We find little support in case law for the proposition that the trial court is required to charge that a police officer or any other witness is an interested witness as a matter of law. Any expres-

sion of opinion of the court as to the credibility of a witness or any testimony violates G.S. 1-180. The trial court is required to charge on the interested witness rule when requested to do so if justified by the evidence; the court *may* do so without request but the charge must be justified. In *State v. Morgan*, 263 N.C. 400, 139 S.E. 2d 708 (1965), it was held that, where defendant was a customer of his witnesses, the question of whether the court should have charged on the interested witness rule was found to be a close one, but it was held that defendant was not prejudiced by such instruction since bias need not prevail over the obligation of a solemn oath.

There is no hard and fast rule requiring the trial court to charge the defendant is an interested witness, but the court may do so. *State v. Holland*, 216 N.C. 610, 6 S.E. 2d 217 (1939). However, the court, though it charges that defendant is an interested witness, is not required to find that any other witness is *per se* an interested witness. In *State v. Turner*, 253 N.C. 37, 116 S.E. 2d 194 (1960), the court found reversible error by the trial court in charging that the testimony of defendant's brother-in-law was to be carefully scrutinized in light of his interest. And in *State v. Williams*, 6 N.C. App. 611, 170 S.E. 2d 640 (1969), the court held it was not error for the trial court to charge that defendant was an interested witness but fail to charge that the prosecuting witness was interested.

We conclude that the trial court did not err in failing to find that the undercover officer was an interested witness *per se*, and that the jury was properly instructed that the interested witness rule would apply if the jury determined that he was an interested witness.

We have carefully examined the defendant's other assignments of error and find them to be without merit, and discussion of them would serve no useful purpose.

No error.

Judges BRITT and ERWIN concur.