STATE OF NORTH CAROLINA v. JAY B. DANCY

No. 7923SC485

(Filed 2 October 1979)

1. **Narcotics § 4.2— sale of marijuana—insufficiency of evidence of entrapment**

In a prosecution for possession and sale of marijuana, evidence did not disclose entrapment as a matter of law where it tended to show that defendant did not have an innocent mind but let it be known to an undercover SBI agent that he sold marijuana; the agent did not implant the intent to sell marijuana in defendant's mind but defendant offered to sell marijuana to the agent when he was unable to supply her with LSD; and the agent did not lure defendant into committing the crimes charged but defendant willingly sold marijuana to the agent without any inducement or persuasion on her part.

2. **Narcotics § 3.1; Criminal Law § 34.6— sale of marijuana charged—subsequent sale of LSD—admissibility to show defendant's state of mind**

  In a prosecution for possession and sale of marijuana where the innocence of defendant's mind was at issue by virtue of his plea of entrapment, the sale of LSD within a month of the sale with which he was charged did have some relevancy as to the state of defendant's mind at the time of the offense charged.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 16 February 1979 in Superior Court, WILKES County. Heard in the Court of Appeals 12 September 1979.

Defendant was indicted for possession of a controlled substance (marijuana) with intent to sell and the sale and delivery of a controlled substance (marijuana). He pleaded not guilty to both charges.

At trial Mary Ellen Scheppf testified for the State that she is a Special Agent for the North Carolina State Bureau of Investigation and was so employed in an undercover capacity in June 1978; that she first met defendant about one week prior to 28 June 1978, and he let it be known to her that he sold marijuana and that on 28 June 1978, after some negotiation, she bought three bags of marijuana from him. Chemical analysis of the contents of the three bags of green material sold to Agent Scheppf by defendant revealed it to consist of 74.3 grams of marijuana.

At the close of the State's evidence, defendant moved for a directed verdict alleging entrapment as a matter of law. This motion was denied.

Defendant testified that at no time did he offer to sell LSD or marijuana to Agent Scheppf prior to her asking him to sell some of his own marijuana; that she did ask him several times to sell her some LSD, but he told her that he had none to sell; that he made three phone calls attempting to procure some marijuana for her and finally sold her three of the four ounces of marijuana which he possessed for his own use after she asked him for it; that during the month of July, Agent Scheppf contacted defendant about twice a week attempting to purchase drugs from him and on each occasion defendant told her that he did not have any drugs to sell, and that defendant met Agent William Wolak during the month of July when he was with Agent Scheppf, but defendant did not sell any drugs to him.

On rebuttal, the State called William E. Wolak, a Special Agent with the State Bureau of Investigation, who testified that he met defendant in July 1978 through Agent Scheppf; that defendant told him that he could sell him any drugs that he might want to buy, and that Agent Wolak subsequently purchased LSD from defendant on 18, 19 and 25 July 1978.

At the close of the evidence, defendant renewed his motion for a directed verdict on grounds of entrapment. Defendant also moved for a mistrial on the ground that the evidence concerning subsequent drug sales by him was inadmissible. Both motions were denied. The court charged the jury on the defense of entrapment, but the jury found defendant guilty of both charges. Defendant was sentenced to consecutive terms of 3 to 5 years for possession with intent to sell and 1 to 5 years for sale and delivery.

*Attorney General Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Franklin Smith for defendant appellant.*

WEBB, Judge.

[1] Defendant first contends that the trial court should have directed a verdict in his favor because the evidence tended to show entrapment as a matter of law. We disagree.

Upon a motion for directed verdict, all of the evidence admitted must be considered in the light most favorable to the State, and the State is entitled to every reasonable intendment thereon and every reasonable inference therefrom. *State v. Hunt*, 289 N.C. 403, 222 S.E. 2d 234, *death sentence vacated*, 429 U.S. 809 (1976); 4 Strong, N.C. Index 3d, Criminal Law, §§ 104 and 109. The defendant's evidence is not to be taken into consideration unless it is favorable to the State or does not conflict with the State's evidence and may be used to explain or make clear the State's evidence. *State v. Bryant*, 235 N.C. 420, 70 S.E. 2d 186 (1952).

For the State's evidence to have required a directed verdict on grounds of entrapment, it must have shown without contradiction "that the criminal intent started in the mind of the officer or agent of the State and by him was implanted in the innocent mind of the accused, luring him into commission of an offense which he

State v. Dancy

would not otherwise have committed." *State v. Salame*, 24 N.C. App. 1, 7, 210 S.E. 2d 77, 81 (1974). The evidence in the light most favorable to the State does not establish that the criminal intent to sell marijuana was implanted in defendant's innocent mind by Agent Scheppf who then lured defendant into committing the offenses charged. It tends to show instead that defendant did not have an innocent mind but let it be known to Agent Scheppf that he sold marijuana; that Agent Scheppf did not implant the intent to sell marijuana in defendant's mind but that defendant offered to sell marijuana to Agent Scheppf when he was unable to supply her with LSD, and that Agent Scheppf did not lure defendant into committing the crimes charged but that defendant willingly sold marijuana to Agent Scheppf without any inducement or persuasion on her part. The evidence in the light most favorable to the State did not show entrapment as a matter of law, and defendant's motion for directed verdict on that ground was properly denied.

[2] Defendant also contends that the testimony of Agent Wolak with regard to sales of narcotics by defendant 21 days subsequent to the date of the crime charged was erroneous. The rule is as stated in 1 Stansbury, N.C. Evidence (Brandis Rev. 1973), § 91:

> "Evidence of other offenses is inadmissible on the issue of guilt if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime."

In this case the defendant relied on entrapment as a defense. An element of entrapment is the innocent mind of the defendant. Evidence of other drug sales is relevant to the state of mind of the defendant when he sold drugs to Mary Ellen Scheppf. In *State v. Richardson*, 36 N.C. App. 373, 243 S.E. 2d 918 (1978) evidence was admitted of a drug sale ten days before the offense with which the defendant was charged. This Court held the evidence was properly admitted. Judge Clark, writing for the Court, said: "In drug cases, evidence of other drug violations is relevant and admissible if it tends to show plan or scheme, disposition to deal in illicit drugs." The appellant argues that *Richardson* is distinguishable from this case in that the evidence

in *Richardson* was that defendant had sold drugs ten days before the offense with which he was charged, while the evidence in this case is that the separate drug sale occurred 21 days after the offense with which the defendant is charged. We hold this is a distinction without a difference. Appellant relies on *State v. Little*, 27 N.C. App. 211, 218 S.E. 2d 486 (1975). In that case the defendant was convicted of possession of heroin. This Court reversed because evidence of possession of heroin by the defendant six months later was admitted. This Court said, "Evidence of possession of heroin in January 1975, nothing else appearing, does not tend to establish mental state or guilty knowledge of the defendant in June 1974, nor does it tend to prove a common scheme or plan or a series of crimes so as to connect the accused with the commission of the act with which he is charged." In the case sub judice, in which the innocence of the defendant's mind is at issue by virtue of his plea of entrapment, we hold the sale of LSD within a month of the sale with which he was charged does have some relevancy as to the state of the defendant's mind at the time of the offense charged.

No error.

Judges ARNOLD and WELLS concur.