STATE OF NORTH CAROLINA v. CHARLES KEITH HAYNES

No. 8123SC241

(Filed 6 October 1981)

**Narcotics § 3.1— exhibits showing defendant's disposition to deal in drugs — admission proper**

Where defendant was charged with intent to sell or deliver drugs, it was not error for the court to admit into evidence a paper taken from defendant's wallet which had the words "345 decimal plus 1 gram" and "Coke" written on it as it tended to show defendant's disposition to deal in drugs.

APPEAL by defendant from *Mills, Judge.* Judgment entered 21 November 1980 in Superior Court, WILKES County. Heard in the Court of Appeals 15 September 1981.

Defendant was tried under a bill of indictment for possession with intent to sell or deliver more than 100 dosage units of methaqualone, a felony. He was convicted of felonious possession of methaqualone. Defendant appeals from a judgment of imprisonment.

*Attorney General Edmisten, by Associate Attorney General R. Darrell Hancock, for the State.*

*Brewer & Freeman, by Joe O. Brewer, for defendant-appellant.*

HILL, Judge.

The trial court permitted Officer Johnson to identify certain papers which had been removed from defendant's billfold at the time of arrest and to testify as to their contents. The officer read the words "345 decimal plus 1 gram" and "Coke," which were written on one of the papers. Later the court allowed the exhibits into evidence. The exhibits and testimony offered by the officer tended to show defendant's disposition to deal in drugs. In his first assignment of error defendant contends this evidence was immaterial and had the sole effect of inciting the prejudice of the jury. We do not agree.

In drug cases, evidence of other drug violations is relevant and admissible if it tends to show plan or scheme, disposition to deal in illicit drugs, knowledge of the presence

and character of the drug, or presence at and possession of the premises where the drugs are found.

*State v. Richardson,* 36 N.C. App. 373, 375, 243 S.E. 2d 918, 919 (1978); *State v. Sink,* 31 N.C. App. 726, 230 S.E. 2d 435 (1976). Furthermore, to warrant a new trial defendant must show "that the ruling complained of was material and prejudicial to [his] rights and that a different result would have likely ensued." *State v. Sanders,* 276 N.C. 598, 615, 174 S.E. 2d 487, 499 (1970); *Collins v. Lamb,* 215 N.C. 719, 2 S.E. 2d 863 (1939). *See* G.S. 15A-1443(a). This he has not done. This assignment of error therefore is overruled.

In his remaining arguments defendant contends the trial court erred in failing to grant his motions for dismissal and in charging the jury and submitting the issue of felonious possession of methaqualone. Specifically, defendant argues that he was not properly charged in the bill of indictment with felonious possession of methaqualone but was charged with possession with intent to sell and deliver a controlled substance, more than 100 dosage units of methaqualone. In fact, the indictment charges that defendant "unlawfully and wilfully did feloniously *possess* with intent to sell or deliver a controlled substance to wit, *more than 100 dosage units of methaqualone.*" (Emphasis added.)

Possession is an element of possession with intent to deliver, and unauthorized possession is by necessity included in that crime. *State v. Aiken,* 286 N.C. 202, 209 S.E. 2d 763 (1974). To prove the crime of felonious possession of methaqualone, the State must show only (1) possession of methaqualone, a Schedule II controlled substance, and (2) the amount exceeded 100 dosage units. G.S. 90-95(d)(2). The indictment specifically alleges possession and that the amount possessed was in excess of 100 dosage units. We find the indictment sufficient to charge the crime for which defendant was convicted, the evidence thereon sufficient to withstand his motions to dismiss, and the trial court's jury charge proper. These assignments of error are overruled.

No error.

Judges HEDRICK and WHICHARD concur.