STATE OF NORTH CAROLINA v. GEORGE WILLIAM BEAN

No. 814SC448

(Filed 15 December 1981)

Criminal Law § 34.8; Narcotics § 3.1— felonious possession of narcotics—prior sale—competency—erroneous instructions

   In a prosecution for felonious possession of marijuana in September 1980 with intent to manufacture, sell and deliver, testimony that a State's witness had purchased marijuana from defendant in August 1980 was competent to show a plan or scheme to deal in drugs. However, the trial court erred in instructing that the jury could consider such testimony to show defendant's disposition to deal in drugs.

---

---

APPEAL by defendant from *Strickland, Judge.* Judgment entered 19 December 1980 in Superior Court, ONSLOW County. Heard in the Court of Appeals 16 October 1981.

The defendant was tried for felonious possession of marijuana with intent to manufacture, sell, and deliver it. Pat Rodriguez testified that he called the defendant on 3 September 1980 and arranged to buy marijuana from him. He testified over objection that he had previously bought marijuana from the defendant during the last week in August 1980. The court instructed the jury in regard to this testimony as follows:

> "the testimony relative to previous delivery of marijuana is admitted only for the limited purpose if you, in fact, find that it tends to show plan or scheme, (disposition to deal in illicit drugs,) knowledge or the presence, and character of the drug, and may not be considered by you as substantive evidence in this case or for any other purpose."

The State's evidence further showed that on 3 September 1980 two deputy sheriffs of the Onslow County Sheriff's Department accompanied Pat Rodriguez to a place in Onslow County where the transaction between Rodriguez and the defendant was to be consummated. The deputies saw the defendant place something which was later determined to be marijuana in a metal container.

The defendant did not offer evidence. He was convicted and appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Assistant Attorney General Thomas G. Meachum, Jr., for the State.*

*Jeffrey S. Miller for defendant appellant.*

WEBB, Judge.

The defendant's first assignment of error is in regard to the testimony of Rodriguez that he had bought marijuana from the defendant during the last week in August. The defendant contends the admission of this testimony was error because it was evidence of another independent crime with its only relevancy being to show the character of the defendant or his disposition to commit an offense of the nature of the one charged. *See State v. McClain,* 240 N.C. 171, 181 S.E. 2d 364 (1954) and 1 Stansbury's

N.C. Evidence § 91 (Brandis rev. 1973). We overrule this assign-
ment of error. *McClain* applies the rule that evidence of another
independent crime is ordinarily not admissible to prove the crime
for which a defendant is being tried. It lists eight exceptions to
this rule. The sixth exception is: "Evidence of other crimes is ad-
missible when it tends to establish a common plan or scheme em-
bracing the commission of a series of crimes so related to each
other that proof of one or more tends to prove the crime charged
and to connect the accused with its commission." We believe our
Supreme Court has interpreted this exception so that if it can be
shown that the defendant has committed a crime or crimes
similar to the one with which he is charged, within a time period
reasonably close to the time of the offense for which he is being
tried, proof of the independent crime is within the sixth exception
of *McClain. See State v. Rick,* 304 N.C. 356, 283 S.E. 2d 512 (1981);
*State v. Arnold,* 284 N.C. 41, 199 S.E. 2d 423 (1973); *State v. Hum-
phrey,* 283 N.C. 570, 196 S.E. 2d 516 (1973), and *State v. Jenerett,*
281 N.C. 81, 187 S.E. 2d 735 (1972). The evidence that defendant
had sold drugs to Rodriguez the last week in August 1980 is ad-
missible to prove he sold drugs to Rodriguez on 3 September
1980.

In his second assignment of error the defendant challenges
the instructions given the jury at the time Rodriguez testified as
to the August offense. It appears that the trial judge followed the
decision of this Court in *State v. Richardson,* 36 N.C. App. 373,
375, 243 S.E. 2d 918, 919 (1978) in instructing the jury. This in-
struction included a statement that the jury could consider this
testimony to show the defendant's disposition to deal in drugs.
The proof of an independent crime to show a disposition to com-
mit the crime with which the defendant is charged is not one of
the exceptions listed in *McClain.* In 1 Stansbury's N.C. Evidence
§ 91 (Brandis rev. 1973) at page 288 et seq. it is stated that
evidence of other crimes is admissible if it tends to prove any
relevant fact other than the character of the defendant or his
disposition to commit the offense. Under the rule as stated by
*Stansbury,* the jury was instructed that they could consider the
testimony for the very thing for which it should not be con-
sidered. In *Richardson* the issue before the court was not the jury
instruction. It was whether evidence of an independent drug of-
fense was admissible. It seems clear that proof of the independent

offense in *Richardson* was admissible to show a plan or scheme to deal in drugs. The statement of this Court that it was admissible to show a disposition to deal in drugs was dictum. Although Judge Strickland quoted this Court in his instruction, we hold it was error to do so and the defendant must have a new trial.

We do not discuss the defendant's other assignments of error as the questions they raise may not recur at a subsequent trial.

New trial.

Judges MARTIN (Robert M.) and WELLS concur.