STATE OF NORTH CAROLINA v. ROSE ELLEN RUSSELL

No. 8112SC1005

(Filed 16 March 1982)

**1. Criminal Law § 79— acts and declarations of co-conspirator**

The State sufficiently established a *prima facie* case of conspiracy by defendant and her daughter to sell LSD to an undercover officer so that evidence of the daughter's actions and statements in furtherance of the conspiracy which occurred during the conspiracy were properly admitted into evidence against the defendant.

**2. Criminal Law § 34.7— evidence of other narcotics offenses—competency to show knowledge, intent or connected crimes**

In a prosecution for conspiracy to sell and deliver LSD, testimony by an undercover officer that, subsequent to a conversation with defendant about the purchase of LSD, defendant asked if he wanted to purchase marijuana and exhibited to him a room where several persons were cutting marijuana was competent to prove knowledge, intent and connected crimes.

**3. Narcotics § 3.1— reference to vegetable matter as marijuana—harmless error**

Where an officer testified that defendant offered to sell marijuana to him while holding four bags of green vegetable matter in her hands, his later inadvertent reference to the vegetable matter as marijuana was not prejudicial to defendant.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 24 April 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 2 March 1982.

The defendant was tried on a bill of indictment charging conspiracy to sell and deliver lysergic acid diethylamide. The State's evidence tended to show that Officer William A. Simons, an undercover narcotics officer, discussed purchasing LSD with the defendant, arranged the deal, and that the drug was delivered by defendant's daughter the following day. The defendant presented no evidence. From a sentence of 10 years imprisonment and a fine of ten thousand ($10,000.00) dollars, defendant appealed.

Other facts pertinent to the resolution of this appeal are contained in the opinion of the Court.

*Attorney General Edmisten by Associate Attorney Steven F. Bryant, for the State.*

*Barfield & Canders by K. Douglas Barfield, for the defendant-appellant.*

MARTIN (Robert M.), Judge.

[1] Defendant alleges in her first assignment of error that the trial court erred in allowing certain testimony concerning the "acts or declarations" of an alleged co-conspirator and in her fourth assignment that the court erred in denying defendant's motion to dismiss at the close of the State's evidence. Considering these arguments together, we disagree.

According to the general rule, when the State has introduced *prima facie* evidence of a conspiracy, the acts and declarations of each party to it in furtherance of its objectives are admissible against the other members. *State v. Conrad,* 275 N.C. 342, 168 S.E. 2d 39 (1969). *State v. Tilley,* 292 N.C. 132, 138, 232 S.E. 2d 433, 438-39 (1977) explains the rule:

> Before the acts or declarations of one conspirator can be considered as evidence against his co-conspirators, there must be a showing that "(1) a conspiracy existed; (2) the acts or declarations were made by a party to it and in pursuance of its objectives; and (3) while it was active, that is, after it was formed and before it ended." *State v. Lee,* 277 N.C. 205, 213, 176 S.E. 2d 765, 769-70 (1970); *State v. Conrad,* supra at 348, 168 S.E. 2d at 43.

The conspiracy must be established independently of the declarations or acts sought to be admitted. *State v. Wells,* 219 N.C. 354, 13 S.E. 2d 613 (1941); *Bryce v. Butler,* 70 N.C. 585 (1874). Ideally, the State should first establish a *prima facie* case for the existence of the conspiracy with extrinsic evidence and then tender the declarations and acts of the conspirators linking them to the criminal venture. This order of proof is not always feasible and can be altered. "Sometimes for the sake of convenience the *acts or declarations of one are admitted in evidence before sufficient proof is given*

*of the conspiracy,* the prosecutor undertaking to furnish such proof in a subsequent state of the cause." *State v. Jackson,* 82 N.C. 565, 568 (1880). "Because of the nature of the offense courts have recognized the inherent difficulty in proving the formation and activities of the criminal plan and have allowed wide latitude in the order in which pertinent facts are offered in evidence. '[A]nd if at the close of the evidence every constituent of the offense charged is proved the verdict rested thereon will not be disturbed. . . .' (Citations omitted.)" *State v. Conrad,* supra at 347, 168 S.E. 2d at 43.

Applying these principles to the assignment of error raised by the defendant, we find no error in the admission of the acts and declarations of Debbie Russell. We believe the prosecution sufficiently established a *prima facie* case of conspiracy on the part of defendant and Debbie Russell to sell LSD by evidence other than that now challenged.

The State's witness, William A. Simons of the City-County Bureau of Narcotics, testified that pursuant to a conversation with Debbie Russell he went to a residence on 14 July 1980 where he met the defendant. While in the company of Debbie Russell, Angela Russell, and others, Simons asked defendant if she had any "acid" for sale. After defendant responded that she presently was without the drug, the witness further discussed the sale of LSD. Defendant stated she could obtain it and asked if Simons could call her the next day. Defendant gave Simons a telephone number and he was instructed to ask for Rose Russell. On 15 July 1980 Simons went to a shopping center where he placed a call from a phone booth to the number defendant had given him the previous day. He spoke to a person whose voice he recognized as defendant's. The defendant stated she would send Debbie Russell with the drug to meet Simons and Debbie Russell would be there in approximately five minutes. Simons testified further that after five minutes Debbie Russell arrived where Simons had been waiting.

Thereupon, the trial court instructed the jury on the admissibility of evidence relating to acts and declarations of co-conspirators. Based on the evidence presented at this point, it is reasonable to infer that an agreement had been entered to sell and deliver the LSD to Simons. As in *State v. Cooley,* 47 N.C.

App. 376, 268 S.E. 2d 87, *disc. rev. denied*, 301 N.C. 96, 273 S.E. 2d 442 (1980), the State presents a compelling case against defendant based on the close association between defendant and Debbie Russell, the fact that both were present during conversations in which a drug deal was made, and the defendant's using Debbie Russell to exchange the drugs for money.

Thus because independent evidence established a *prima facie* case of conspiracy, all of the evidence of Debbie Russell's actions and statements in furtherance of the conspiracy which occurred during the conspiracy were properly admitted against the defendant by the trial court. *Id.* Defendant concedes that if the acts and declarations of Debbie Russell were properly admitted into evidence that sufficient evidence existed to withstand defendant's motion to dismiss at the close of the State's evidence. Considering the evidence in the light most favorable to the State, the trial court properly denied defendant's motion to dismiss. *Id.*

[2]  The defendant in her second assignment of error argues that the trial court improperly allowed Officer Simons to testify concerning other distinct and independent offenses. Officer Simons testified that subsequent to the conversation with defendant about the purchase of LSD, defendant asked if he wanted to purchase marijuana. Furthermore, the witness stated defendant was seen holding plastic bags containing "green vegetable matter." Although Simons said he did not wish to buy marijuana, defendant exhibited a room where several persons were cutting the previously described material.

Defendant argues the trial court erred in allowing the testimony because the evidence showed other distinct crimes. As a general rule evidence of other offenses is inadmissible if it is only relevant to defendant's character; however, as an exception to the rule the evidence is allowed if it tends to prove knowledge, intent, or connected crimes. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954).

In *State v. Richardson*, 36 N.C. App. 373, 243 S.E. 2d 918 (1978), this Court allowed testimony concerning a marijuana sale by defendant in a prosecution for another sale which occurred ten days later. The Court held that "[i]n drug cases, evidence of other drug violations is relevant and admissible if it tends to show plan or scheme, disposition to deal in illicit drugs, knowledge of the

presence and character of the drug, or presence at and possession of the premises where the drugs are found." *Id.* at 375, 243 S.E. 2d 919; *State v. Dancy,* 43 N.C. App. 208, 258 S.E. 2d 494, *disc. rev. denied,* 298 N.C. 807, 262 S.E. 2d 2 (1979). In this case the testimony was relevant and admissible, and therefore, defendant's assignment of error is without merit and is overruled.

[3]    The defendant's final contention is that the trial judge committed prejudicial error in allowing Officer Simons to refer to the green vegetable matter he observed as marijuana. The testimony was as follows:

    Q: What if anything was Rose Ellen Russell holding?

    A: Marijuana.

    MR. BRITT: Objection and move to strike.

    COURT: Sustained and motion to strike is allowed.

    MR. BRITT: Ask for instructions to the jury.

    COURT: Ladies and gentlemen of the jury. That portion of the witness's last answer to the effect that someone was holding marijuana you will strike that from your mind and not consider it in your deliberations.

    Q: When you had this conversation with Rose Ellen Russell, what if anything did she appear to be holding?

    A: Green vegetable matter.

    She was holding it in her hand. It was packaged in four ounce plastic bags.

        . . .

    Q: You stated earlier that you had a conversation with Rose Ellen Russell concerning the purchase of marijuana at the time Angela Russell came into the room. Is that correct?

    A: Yes.

    Q: At the time she was holding a bag of green vegetable matter?

    A: Four bags.

Q: Four bags? And what if any conversation did you have with Rose Ellen Russell concerning the purchase of marijuana at the time she was holding those bags?

. . .

A: I informed Rose Ellen Russell that I was not interested in buying any marijuana.

. . .

Rose Ellen Russell and myself next got up and entered the hallway. In the hallway Rose Ellen Russell told me I want to show you what I got. Rose Ellen Russell at this time opened a door leading to a second bedroom and I saw two white males and one white female cutting up what appeared to be green vegetable matter.

. . .

Q: And will you describe for the Court and the jury the activity that you saw the two white males and the white female engaged in inside the bedroom?

. . .

A: There was a table set up in the bedroom and the two white males were leaning over some green vegetable matter and when I stated before they appeared to be cutting up or separating the marijuana they seemed to be separating the stems and the seed from the green vegetable matter itself.

MR. BRITT: Move to strike.

COURT: Motion to strike is denied.

EXCEPTION: This constitutes DEFENDANT'S EXCEPTION No. 7

Officer Simons' testimony indicated that the defendant offered to sell marijuana to him while holding four bags of the green vegetable matter in her hands. His inadvertent reference to the green vegetable matter as marijuana could in no way be prejudicial error under the facts of this case.

From the judgement appealed from we find

No error.

Judges MARTIN (Harry C.) and WHICHARD concur.