**STATE of Tennessee, Appellee,**

v.

**Glen ELENDT, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

April 7, 1983.

Permission to Appeal Denied by Supreme Court June 27, 1983.

William A. Derington, Jr., Camden, for appellant.

William M. Leech, Jr., Atty. Gen., Raymond S. Leathers, Asst. Atty. Gen., Nashville, John L. Williams, Dist. Atty. Gen., Billy C. Blow, Asst. Dist. Atty. Gen., Huntingdon, for appellee.

## OPINION

SCOTT, Judge.

Indicted for the sale of marijuana to an undercover law enforcement officer, the ap-

pellant was found guilty of possession of marijuana and received a sentence of eleven months and twenty-nine days in the Benton County Jail. Much aggrieved by his conviction, the appellant has presented three issues for our consideration.

In the first two issues the appellant questions whether the trial judge erred by allowing the state to present evidence concerning another criminal offense which occurred nine days subsequent to the events involved in this case. While there is no challenge to the sufficiency of the convicting evidence, a recitation of the facts will place these issues in context.

On July 13, 1981, Thomas Butts and Jerry Kitchen, special agents of the Tennessee Bureau of Investigation, were conducting an undercover drug-buying operation in Benton County. They were working with a confidential informer, Richard Gibson. Mr. Gibson made arrangements for them to purchase marijuana from the appellant. At approximately 8:10 P.M. that day, the appellant and Mr. Gibson came to the trailer occupied by the undercover agents. The appellant had a bag of marijuana under his shirt. The appellant asked and was paid $300.00 for the marijuana, which he stated weighed three-fourths pound. There was some discussion about the weight because it appeared to the agents to weigh less than that amount. (When weighed by the T.B.I. forensic chemist, it weighed 131 grams. Converted to avoirdupois, this is approximately 4.6 ounces, just over one-fourth pound).

There was a discussion about the possibility of making additional purchases from the appellant, who stated if the amount purchased on this occasion proved to be short that he would make up the difference in the next transaction. The appellant said that he could get another pound of marijuana on Thursday or Friday of that week and also stated that he was growing it. This proof was received without objection.

The appellant testified in his own behalf and presented three character witnesses. It was his contention that he was the victim of entrapment by the law enforcement officers. He contended that he met Mr. Gibson at a Gulf station in Big Sandy. Mr. Gibson asked him to ride to Camden with him but did not state the reason for the trip. Mr. Gibson asked the appellant to reach under the seat of the car. He did so and pulled out a bag of marijuana. Mr. Gibson stated that he owed the men at the trailer some money and that the appellant was to take the marijuana in and get $300.00. They went in together and the appellant gave the marijuana to Mr. Butts and received the money in return. They returned to the car and the appellant gave the money to Mr. Gibson, who gave him $60.00 for riding up there with him. The appellant contended that the marijuana was not his, but belonged to Mr. Gibson. On cross-examination and over his counsel's objection, the appellant also testified that on July 22, 1981, he again sold two bags of marijuana to the undercover agents, for which he received $250.00. This was also Mr. Gibson's marijuana and one of the bags was to make up for the shortage in the earlier transaction.

As was their prerogative, the jury rejected the entrapment defense and found the appellant guilty of the lesser included offense of possession of marijuana.

 As the appellant points out, the general rule is that evidence of another crime wholly independent of that for which he is charged, even though it is a crime of the same character, is usually not admissible *because it is irrelevant.* (emphasis in original) *Bunch v. State,* 605 S.W.2d 227, 229 (Tenn.1980). However, if evidence that the defendant has committed a crime separate and distinct from the one on trial *is relevant* to some matter actually in issue in the case on trial and if its probative value as evidence of the matter at issue is not outweighed by its prejudicial effect upon the defendant, then such evidence may be properly admitted. (emphasis in original) *Id.* Among the issues on which evidence of other crimes has been found relevant are those involving the motive of the defendant, intent of the defendant, identity of the defendant, absence of mistake or accident if

that is a defense and the existence of a larger continuing plan, scheme or conspiracy of which the crime on trial is a part. *Id.* Evidence of other crimes may be admissible even though the other offense occurred subsequent to the crime on trial *Thompson v. State,* 171 Tenn. 156, 101 S.W.2d 467, 473 (1937).

■ By raising the defense of entrapment the appellant opened himself to a "searching inquiry into his own conduct and predisposition as bearing upon that issue". *Sorrells v. United States,* 287 U.S. 435, 451, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1932). Courts of other jurisdictions addressing the issue of the admissibility of evidence of subsequent acts have approved the use of such proof when a defendant raises the entrapment defense. *People v. Tipton,* 78 Ill.2d 477, 36 Ill.Dec. 687, 401 N.E.2d 528, 532 (1980), *State v. Lynard,* 294 N.W.2d 322, 323 (Minn.1980), *State v. Dancy,* 43 N.C. App. 208, 258 S.E.2d 494, 496 (1979), *People v. Calvano,* 30 N.Y.2d 199, 331 N.Y.Supp.2d 430, 436, 282 N.E.2d 322, 326 (1972), *State v. Turner,* 104 Ariz. 469, 455 P.2d 443, 444–445 (1969). See also: Annot. 61 A.L.R.3d 293, 1 *Wharton's Criminal Evidence,* § 254, pp. 605–606. Such evidence of subsequent acts is admissible because it is relevant to the "predisposition" of the defendant to commit the act charged. Relevancy is measured in terms of similarity of offenses and proximity in time. *People v. Tipton,* supra.

■ The details of the subsequent transaction were admissible to show the appellant's predisposition to sell marijuana and thus rebut the entrapment defense. The evidence was also admissible to show the appellant's intent and guilty knowledge, as well as his larger, continuing scheme to sell contraband. The evidence also rebutted any idea of accident or mistake. The admission of this evidence was not error.

In the final issue the appellant contends that the trial judge erred by failing to charge the jury that the defense of entrapment is a good defense as to each lesser offense included in the indictment.

The judge's charge regarding entrapment was taken from T.P.I.—Crim., § 36.09. The final sentence of this pattern instruction is as follows:

> Just as it is your responsibility to consider each offense and the evidence applicable thereto separately, it is likewise your responsibility to consider the evidence concerning entrapment as to each offense separately.

The trial judge noted that he had inadvertently omitted this sentence from the charge.

■ In reviewing a judge's charge to the jury, its fairness must be determined from a full reading of the charge and not excerpts therefrom. *Martin v. State,* 542 S.W.2d 638, 642 (Tenn.Cr.App.1976).

■ Considering the charge as a whole, it is clear that the instructions were full and fair. The portion of the charge regarding entrapment referred to "the crimes charged" and "the offenses with which he is now charged". The charge in no way intimated that the entrapment defense was applicable to only the charge of selling marijuana. Rather, it is clear that the charge directed the jury's attention to the entrapment defense as applied to all of the offenses embraced in the indictment.

■ Contrary to the appellant's contention, the fact that the jury found him guilty of the lesser offense of possession of marijuana, does not indicate that they failed to consider the entrapment defense. Rather, under the facts of this case, the verdict revealed that the jury extended mercy to the appellant. This issue has no merit.

Finding all of the issues devoid of merit, the judgment is affirmed.

O'BRIEN and DUNCAN, JJ., concur.